IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANA MARIA PEREZ PIZARRO; ISRAEL RIVERA GADDY<br><br>Plaintiffs/Counterclaim-Defendants<br><br>vs<br><br>SYNECTRUST, LLC; JACK HIRSBRUNNER<br><br>Defendants, Counterclaimants and Third-Party Plaintiffs<br><br>vs<br><br>URAYOAN CAMACHO; EFREN GONZALEZ; YAMIL GOTAY; ALVARO ADRIAN LOPEZ ROCHE; DTE, LLC<br><br>Third-Party Defendants | CIVIL 18-1147CCC |

**OPINION AND ORDER**

These two civil actions were removed to this Court from the District Court of Toa Baja, Court of First Instance of the Commonwealth of Puerto Rico, on March 17, 2018 by defendants Synectrust, LLC and Jack Hirsbrunner (together the "defendants or third party plaintiffs").[1]  *See* d.e. 2.  Plaintiffs Ana María Pérez Pizarro and Israel Rivera Gaddy (together the "plaintiffs") filed separate summary process complaints under 32 L.P.R.A. sec. 2871 ("Law 140") on March 5, 2017 respectively seeking the return of personal/confidential

---

[1]Defendants cannot remove two separate state cases in one fell swoop as if they had been consolidated. They have not shown the Court of First Instance consolidated them before removal. In order to correct the procedural status of each case, the Court must enter a Remand order advising the Commonwealth Court to refile each case separately.

CIVIL 18-1147CCC                    2

documents and a personal computer. S*ee* d.e. 5-1.² Pérez Pizarro's commonwealth claim was TBQ 18-031. Rivera Gaddy's commonwealth claim was TBQ-030. The same day they removed these two separate state case, defendants filed an Answer, Counterclaim, and Third Party Complaint (d.e. 1) which, read in the light most favorable to defendants, attempt to assert claims of copyright and patent infringement against plaintiffs and Urayoan Camacho, DTE, LLC, Efren Gonzalez, Alvaro Adrian Lopez Roche, and Yamil Gotay.

Before the Court are plaintiffs' Motion to Remand (**d.e. 30**) filed on May 28, 2018 and defendants' Opposition (d.e. 33) filed on June 13, 2018. In their motion, plaintiffs claim that neither of plaintiffs' summary complaints under Law 140 assert a federal cause of action that would give this Court jurisdiction upon their removal. Defendants having improperly removed the complaints, plaintiffs' motion is GRANTED.

I.    **LEGAL BACKGROUND**

   A.    **Federal Question Jurisdiction and Removal**

28 U.S.C. § 1441 enables "[a] defendant [to] remove a case to federal court only when the action could have originally been filed in federal court. When a notice of removal is presented, 'defendants have the burden of showing the federal court's jurisdiction.' If there are any doubts about the propriety of the removal, however, 'all doubts should be resolved in favor of remand.'" *Colon-Rodriguez v. Astra/Zeneca Pharm., LP*, 831 F. Supp. 2d 545, 548-49 (D.P.R. 2011) (referring to 28 U.S.C. § 1441 and *Danca v. Private*

---

²Defendants' Motion Submitti[n]g Certified Translation of State Court Complaint (**d.e. 5**) filed on March 19, 2018 is GRANTED.

*Health Care Sys.,* 185 F.3d 1, 4 (1st Cir. 1999); citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

Both plaintiffs and defendants are residents of Puerto Rico. "Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed. 2d 318 (1987) (referring to *Gully v. First National Bank*, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936)).

"[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc.*, 482 U.S. at 393 (referring to *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 12, 103 S.Ct. 2841, 2847-2848, 77 L.Ed. 2d 420 (1983)). Nor can "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—[] serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S.Ct. 1889, 1894, 153 L.Ed. 2d 13 (2002) (internal citations omitted).

**B.    Complete Preemption Doctrine**

Nonetheless, "an 'independent corollary' to the well-pleaded complaint rule known as the 'complete pre-emption' doctrine [applies when] the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'  Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc.*, 482 U.S. at 393, 107 S.Ct. at 2430, 96 L.Ed. 2d 318 (1987) (citing *Franchise Tax Board*, 463 U.S., at 22-24, 103 S.Ct., at 2853-2854 and *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed. 2d 55 (1987)).

For that to be true, Congress must provide a cause of action parallel to the preempted state-law claim. *See Beneficial Natl Bank v. Anderson*, 539 U.S. 1, 7-8 (2003).  Congress has done that, for example, with causes of action which are "equivalent to" those for copyright infringement.  *See Ritchie v. Williams*, 395 F.3d 283, 285-87 (6th Cir. 2005).  It has not done so, however, for run-of-the-mill common-law claims, e.g., for wrongful termination. *See Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 759 (6th Cir. 2000). "Because it represents an 'extraordinary preemptive power,' complete preemption is 'quite rare.'  *Inselberg v. New York Football Giants, Inc.*, No. 2:14-CV-01317 WJM, 2014 WL 5814268, at *3 (D.N.J. Nov. 10, 2014), aff'd, 661 F. App'x 776 (3d Cir. 2016) (citing *Metropolitan Life Ins. Co. v. Taylor*,

481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed. 2d 55 (1987) and *Johnson v. MRA Petroleum Co.*, 701 F.3d 243, 248 (8th Cir. 2012)).

### C.     Substantial Federal Question Doctrine

In addition to the 'complete preemption doctrine,' "[t]here is . . . another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction . . . in certain cases [where] federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S.Ct. 2363, 2366-67, 162 L.Ed. 2d 257 (2005) (referring to *Hopkins v. Walker*, 244 U.S. 486, 490-491, 37 S.Ct. 711, 61 L.Ed. 1270 (1917)). Known in the First Circuit as the 'federal ingredient doctrine,' "[it] applies in a 'special and small category of cases' where a 'state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *One & Ken Valley Hous. Grp. v. Maine State Hous. Auth.*, 716 F.3d 218, 224 (1st Cir. 2013) (*citing Gunn v. Minton*, 568 U.S. 251, 258, 133 S.Ct. 1059, 1065, 185 L.Ed. 2d 72 (2013)).

In their Opposition, defendants allude to these two bases for federal jurisdiction without naming them or elaborating on either. *See* d.e. 33 at p. 2, stating: "[t]here is not only federal jurisdiction over the controversies among the

parties; there is exclusive federal jurisdiction" and at p. 3, relying on *One & Ken Valley Housing Grp. v. Me. State Hous. Auth.*, 716 F.3d 218, 224 (1st Cir. 2013) in support of their argument that: "the issue of who owns the copyrighted code is decisive to the dispute among the parties." But as the following discussion illustrates, neither apply to the complaints, making their removal here inappropriate.

## II.   DISCUSSION

### A.   Complete Preemption

#### 1.   *Plaintiffs' Complaints are not Preempted by Copyright Law*

28 U.S.C. § 1338(a) provides that: "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." Nonetheless, "[i]t is well-settled that not every case involving federal copyright laws 'arises under' those laws such that federal jurisdiction is proper pursuant to § 1338(a)." *Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 931 (2d Cir. 1992). "[A]n action does not 'arise under' the federal copyright laws merely because it relates to a product that is the subject of a copyright. The question of whether the suit 'arises under' the copyright law is considerably more sophisticated . . ." *Royal v. Leading Edge Prod., Inc.*, 833 F.2d 1, 2 (1st Cir. 1987) (referring to *Topolos v. Caldewey*, 698 F.2d 991, 993 (9th Cir. 1983)).

In the area of copyright, a state law claim is not preempted if an "extra element" exists that changes the nature of the action such that it is qualitatively different from a copyright infringement claim. *See Computer Associates Int'l,*

*Inc. v. Altai, Inc.,* 982 F.2d 693, 716 (2d Cir. 1992). To determine whether a claim meets such standard, the court must determine what the plaintiff seeks to protect, the theories in which that matter is thought to be protected, and the rights sought to be enforced. *See id.*

A quick review of plaintiffs' summary complaints shows they are not preempted by Copyright law. Plaintiff Ana María Pérez Pizarro alleges that:

> Today, March 5, I reported to work, as usual. When I got to the reception at the building. I was told that I could not go up. An employee from another company came down to tell me that we could no longer work there. To which I told her to let me go up to get my personal documents and confidential documents of another company, to which they did not have to have access since it is private information of other clients. I was not allowed to go in, in spite of providing this information. The documents that are requested have nothing to do with the company in question here and it is necessary and vital in order to continue with the project and functions related to that information.

(d.e. 5-1).

Plaintiff Israel Rivera Gaddy in turn alleges that:

> When I reported to work, I was told of the definite break with the company and that subsequently my access to the facilities would be revoke. As part of the process, I tried to take with me the physical equipment that I had brought before of a personal nature, that does not belong to the company. This equipment is a personal computer (tower) and a USP battery. These are my professional tools, without which I am able [sic] of obtaining a livelihood. In addition, that computer contains documents and work related to other clients before them.

*Id*.

Plaintiffs are the masters of their complaint, and in this case, neither has made any allegations that present a federal question. A federal question simply does not appear on the face of either summary complaint. This is not a case where plaintiffs have no viable state law cause of action, but only a

federal claim. Because plaintiffs have viable state law claims, they are not completely preempted such that their removal was permissible.

### 2. *Plaintiffs' Complaints are not Preempted by Patent Law*

"[W]hether a claim 'arises under' patent law 'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.' Thus, a case raising a federal patent-law defense does not, for that reason alone, 'arise under' patent law, 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-10, 108 S.Ct. 2166, 2173-74, 100 L.Ed. 2d 811 (1988) (citing *Franchise Tax Board*, 463 U.S., at 10, 14, 103 S.Ct., at 2846, 2848)).

The Federal Circuit applied the well-plead complaint rule to patent cases for purposes in *Wawrzynski v. H.J. Heinz Co.*, 728 F.3d 1374 (Fed. Cir. 2013). In so doing, it did not even reach the complete preemption issue, but instead focused solely on whether the complaint alleged a cause of action arising under federal law. [I]t took into account a number of factors: (1) the complaint did not use the words 'infringe' or 'infringement'; (2) the complaint did not reference 35 U.S.C. § 271; (3) the remedy sought; (4) whether the plaintiff alleged an entitlement to exclusivity; (5) whether the complaint referenced ideas and materials not found in a patent; and (6) the plaintiff filed his action in state court. *See id.* at 1379-1382.

Plaintiffs' allegations show their claims were not created by patent law. Based on these factors, neither of plaintiffs' summary complaints state a claim of patent infringement for purposes of 'arising under' jurisdiction. Their complaints are not completely preempted by patent law either.

### B.    Substantial Federal Question

"Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, we held, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258, 133 S.Ct. at 1065 (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313-314, 125 S.Ct. 2363, 2367-2368 (2005)).

We do not consider the determination of who owns any copyright or patent to be 'necessary' to decide the dispute among the parties. But assuming for the sake of argument it is, "[i]n its most recent pronouncements on the question of substantiality in this context, the Supreme Court [] emphasized that the 'substantiality' inquiry is wholly separate from the 'necessary' inquiry, and demands that a federal question must be not only important to the parties, but important to the federal system. In *Gunn*, for example, the Court explained that for a case to be 'substantial in the relevant sense,' 'it is not enough that the federal issue be significant to the particular

parties in the immediate suit . . .    The substantiality inquiry . . . looks instead to the importance of the issue to the federal system as a whole.'" *Municipality of Mayaguez v. Corporacion para el Desarrollo del Oeste, Inc.*, 726 F.3d 8, 13-14 (1st Cir. 2013) (citing *Gunn,* 133 S.Ct. at 1066).

"An issue may be substantial where the outcome of the claim could turn on a new interpretation of a federal statute or regulation which will govern a large number of cases. In other words, a case is more likely to be important to the federal system as a whole if it presents 'a nearly 'pure issue of law . . . that could be settled once and for all' rather than an issue that is 'fact-bound and situation-specific' and whose holding will more likely be limited to the facts of the case. *Id.* (citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700-701, 126 S.Ct. 2121, 2137, 165 L.Ed. 2d 131 (2006)). "A federal issue may also be substantial where the resolution of the issue has 'broader significance . . . for the Federal Government.' That is, because '[t]he Government has a direct interest in the availability of a federal forum to vindicate its own administrative action[.]' [T]he Court has repeatedly suggested that a federal issue is more likely to be substantial where a claim between two private parties, though based in state law, directly challenges the propriety of an action taken by 'a federal department, agency, or service.' *Municipality of Mayaguez,* 726 F.3d at 13-14 (citing *Empire Healthchoice Assurance*, 547 U.S. at 700, 126 S.Ct. 2121. *Gunn,* 133 S.Ct. at 1066 and *Grable*, 545 U.S. at 315, 125 S.Ct. 2363).

The plaintiffs' summary complaints simply do not indicate that their outcome is important to or of broader significance to the federal system as a

CIVIL 18-1147CCC 11

whole. Nor would it impact the ability of any federal agency to carry out its business. *See e.g. Administracion de Seguros de Salud de Puerto Rico v. Triple-S Salud, Inc.*, 212 F. Supp. 3d 283, 288 (D.P.R. 2015). Because plaintiffs' claims do not raise a substantial federal question, their removal here was inappropriate.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Remand (**d.e. 30**) is GRANTED.

Having determined that this court lacks jurisdiction over plaintiffs' summary complaints, third party defendants' Motion to Dismiss (**d.e. 31**) filed on May 28, 2018, moving to dismiss the third party complaint that joined them to this action, is also GRANTED. "[A] Third Party Complaint cannot serve as the basis for 'arising under' jurisdiction." *Chang-Nein Ho v. Sie*, No. CIV.A. 12-7857 MAS, 2013 WL 4538221, at *2 (D.N.J. Aug. 27, 2013) (referring to *Franchise Tax Board*, 463 U.S., at 9-10, 103 S.Ct., at 2846-2847).

SO ORDERED.

At San Juan, Puerto Rico, on March 12, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge